REQUESTED BY: Brian C. Silverman, Scotts Bluff County Attorney, Gering, Nebraska.
1. If a decedent died prior to January 1, 1977, the operative date of LB 585, but the inheritance tax on his estate had not been determined by that date, should the computation of the tax be governed by the new law or the old law?
2. Would the new law require computation of taxes on conveyances made prior to August 27, 1951, if made in contemplation of death or to take effect in possession or enjoyment after the death of the grantor?
1. The old law.
2. No, as to conveyances made in contemplation of death. Yes, as to conveyances for less than full value, intended to take effect in possession or enjoyment after death.
1. In 1976 the Legislature amended Chapter 77, article 20, of the Revised Statutes, the inheritance tax statutes, by the passage of LB 585. Section 28 of that act provided that it should become operative January 1, 1977. You ask whether, in determinations of inheritance tax after that date involving decedents who died before that date the computation of tax due should be that under the old law or under the law as amended.
As to a decedent dying before January 1, 1977, section77-2010, R.R.S. 1943, specifically provided that the tax became due and payable at the death of the decedent. Even though the tax may not have been determined, it was, nevertheless, fixed at that time. Section 49-301, R.R.S. 1943, provides:
 "Whenever a statute shall be repealed, such repeal shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, except as may be provided in such repealing statute."
In Lindgren v. School District of Bridgeport,170 Neb. 279, 102 N.W.2d 599 (1960), the court said that this statute relates to substantive, but not procedural law. The amount of tax due is a matter of substantive law, and was not changed by the amendment.
The procedure used in determining the tax may be that specified by LB 585, but the amount of tax is that due upon the death of the decedent.
2. You also ask whether the present law requires the computation of inheritance taxes on conveyances made prior to August 27, 1951, in contemplation of death, or intended to take effect in possession or enjoyment at the death of the grantor.
We will discuss first absolute conveyances made before that date. You do not state when your hypothetical decedent died, but we believe no tax can now be computed on such a transfer, regardless of the date of death of decedent.
Section 77-2002, R.S.Supp., 1976, specifically provides that no such transfer made more than three years before the death of the grantor shall be treated as having been made in contemplation of death. Therefore, if the transfer was made before August 27, 1951, and the decedent died after August 27, 1954, the necessary three years will have elapsed, and the transfer was not, in the eyes of the law, in contemplation of death.
On the other hand, if the decedent died before three years after the conveyance, he must necessarily have died before August 27, 1954. Section 77-2037, R.S.Supp., 1976, provides that if ten years has elapsed since the death of the decedent, no action shall be maintained for the determination, assessment or collection of inheritance tax, unless a determination of the tax shall have been made within such ten-year period. We discussed this provision in an opinion of this office dated September 13, 1976, and concluded that the action for determination of the tax must be brought within ten years of the death of the decedent.
Therefore, an absolute conveyance made before August 27, 1951, could not now give rise to any inheritance tax, either because it would have been made more than three years before the death of the grantor, or because the action for determination of the tax has been barred by the statute of limitations.
A different answer is required with respect to a conveyance intended to take effect in possession or enjoyment after the death of the grantor. Section 77-2002, R.S.Supp., 1976, provides that the inheritance tax shall be assessed with respect to property transferred (a) in contemplation of death, (b) intended to take effect in possession or enjoyment after the death of the grantor, (c) by reason of death, any person shall become beneficially entitled to possession or expectation to property, and (d) held in joint tenancy.
Subsection (2) of section 77-2002 provides:
 "For the purpose of subsection (1) of this section, if the decedent, within a period of three years ending with the date of his death, except in the case of a bona fide sale for an adequate and full consideration for money or money's worth, transferred an interest in property, such transfer, unless shown to the contrary, shall be deemed to have been made in contemplation of death within the meaning of subsection (1) of this section; no such transfer made before such three-year period shall be treated as having been made in contemplation of death in any event."
Since this section appears to apply the three-year period to all transfers as contemplated by subsection (1), and since transfers intended to take effect in possession and enjoyment after death are included in subsection (1), it could be argued that such transfers made more than three years before death were not subject to the tax. However, we considered this exact question in an opinion dated April 25, 1956, Report of the Attorney General, 1955-56, page 221, and concluded that the legislative history clearly showed that the three-year provision was intended to apply only to those transfers made in contemplation of death mentioned in subsection (a). We adhere to that opinion.
Therefore, a transfer made before August 27, 1951, as a gift, which was not intended to take effect in possession or enjoyment until the death of the grantor, would be taxable, regardless of the time of death of the grantor. Assuming, in your hypothetical case, that an action for the determination of the tax is not barred by the limitation of section77-2037, an inheritance tax on the transfer should be assessed.